**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE DIVISION
Civil Action No: 3:24-cv-829

| | | |
|---|---|---|
| CORDARYL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS' RESPONSE TO** |
| OFFICER J. DUGGINS, and | ) | **PLAINTIFF'S MOTION FOR** |
| DETECTIVE RICK SMITH, | ) | **ENTRY OF DEFAULT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come Defendants Officer J. Duggins and Rick Smith (collectively, "Defendants") and provide the following Response to Plaintiff's Motion for Entry of Default (Doc. 32).

## I.  Summary of the Argument

This Court lacks personal jurisdiction over the Defendants to enter a default against Defendants because Plaintiff has failed to properly serve Defendants, even though this Court has given him multiple opportunities to do so. Even if Defendants had been properly served, they filed a Motion to Dismiss Plaintiff's Amended Complaint before Plaintiff moved for an entry of default, so it would be improper for this Court to enter a default.

## II.  Procedural Background

On August 14, 2024, Plaintiff filed a Complaint against Defendants Duggins, Smith, and Charlotte-Mecklenburg Police Department ("CMPD") in the Superior Court of Mecklenburg County, North Carolina, styled *Cordaryl Robinson v. Officer J. Duggins, Detective Rick Smith, and Charlotte-Mecklenburg Police Department,* which matter was assigned Civil Action File No. 24-CV037547-590. A Deputy Clerk of Superior Court issued the Summons against Defendants Duggins, Smith, and CMPD that same day. Plaintiff mailed a copy of the Summons and Complaint

**1**

to CMPD Headquarters, and the copies were received by the front desk at CMPD Headquarters on August 15, 2024. (Docs. 2-2 and 2-3). As of the date of this filing, Plaintiff has not served the Summons and Complaint on any of Defendants by any other means.

Defendants Duggins, Smith, and CMPD removed this action and filed their Motion to Dismiss on September 13, 2024. (Docs. 1 and 2). On September 30, 2025, approximately a year later, this Court entered an Order Granting CMPD's Motion to Dismiss and Denying Defendants Duggins and Smith's Motion to Dismiss. (Doc. 10). In its Order, the Court recognized that Defendants Duggins and Smith were never properly served in this lawsuit but "exercise[d] its discretion and grant[ed] Plaintiff an additional thirty days to properly effectuate service upon Defendants Duggins and Smith in accordance with the Federal Rules of Civil Procedure." (Doc. 10 p. 10). In the same Order, this Court wanted Plaintiff that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF HIS CASE." (Doc. 10 p. 12).

Plaintiff failed to properly effectuate service within the thirty-day deadline set by this Court. Instead, Plaintiff filed a Motion for Extension of Time to perfect service on November 12, 2025, after the thirty-day deadline had already expired. (Doc. 11). This Court entered an order granting the untimely motion for an extension over Defendants' objection, noting that "Plaintiff missed the established deadline and the [request for an extension] is untimely." (Doc. 13 p. 1). Nevertheless, the Court gave Plaintiff a second extension, until December 5, 2025, to perfect service. (Doc. 13 p. 2).

Instead of making any attempts to perfect service, Plaintiff filed a purported Motion to Amend (Doc. 14) on November 26, 2025, which the Court denied in an Order (Doc. 16) dated December 1, 2025. In that Order, this Court stated "Plaintiff is respectfully reminded of the

2

extended deadline to effectuate service on Defendants J. Duggins and Rick Smith by December 5, 2025." (Doc. 16 p. 2).

Plaintiff again failed to properly effectuate service or attempt to do so by the deadline set by the Court. On December 8, 2025, Defendants Duggins and Smith filed a Motion to Dismiss for Lack of Prosecution since Plaintiff continued to fail to even attempt to perfect service. (Doc. 22).

Plaintiff never responded to Defendant Duggins and Smith's Motion to Dismiss for Lack of Prosecution or tried to address the defective service issue. Instead, he again filed a Motion for Leave to File an Amended Complaint on December 17, 2025. (Doc. 24). On December 18, 2025, one day later, this Court entered an Order denying Defendants' Motion to Dismiss for Lack of Prosecution and granting Plaintiff's Motion for Leave to File an Amended Complaint.[1] Plaintiff filed his Amended Complaint on December 30, 2025. (Doc. 28).[2] Plaintiff has failed, to date, to achieve proper service on Defendants. On February 2, 2026, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) and accompanying memorandum (Doc. 31). On February 10, 2026, Plaintiff filed the instant Motion for Entry of Default.

### III. Standard of Review – Entry of Default

When a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, it is proper for the court to enter the party's default. Fed. R. Civ. P. 55(a). Where a defendant has filed a motion to dismiss before the plaintiff moves for an entry of default, it is improper for the court to enter a default, even if the

---

[1] Plaintiff initially stated on his Motion for Leave to File an Amended Complaint that Defendants consented to the Motion (Doc. 24), which was not true. Although Plaintiff clarified in a subsequent filing (Doc. 26) that Defendants had not consented and filed a Motion to Withdraw the Motion for Leave to Amend (Doc. 27), this Court denied the Motion to Withdraw the Motion for Leave to Amend (Doc. 27).

[2] In Plaintiff's Amended Complaint, Plaintiff also added the City of Charlotte as an additional defendant (Doc. 28). However, Plaintiff has not had a summons issued for the City of Charlotte, Plaintiff has not properly served the City of Charlotte, and the City of Charlotte has not yet made an appearance in this case.

motion to dismiss was filed late. Hudson v. State of N.C., 158 F.R.D. 78, 80 (E.D.N.C. 1994) (holding that the defendants' filing of a motion to dismiss, although late, occurred prior to the filing of plaintiff's motion for entry of default, and thereafter entry of default would not have been appropriate).

In addition, the plaintiff must affect proper service of process on a defendant before the court can enter default against the defendant:

> [B]efore entry of default or default judgment may be entered, "service of process must be effective under the Federal Rules of Civil Procedure," Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996), because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

> Lindemann-Moses v. Jackmon, 644 F. Supp. 3d 163, 175 (M.D.N.C. 2022).

### IV.     Legal Argument

### A.     Plaintiff's Failure to Properly Serve Defendants Prohibits Plaintiff from Obtaining an Entry of Default

As summarized in the procedural history above, Plaintiff has yet to properly serve Defendants Duggins and Smith despite this Court giving Plaintiff multiple chances and warnings to perfect service. The Court first determined Plaintiff's attempted service against Defendants was ineffective and gave Plaintiff his first extension to perfect service in the Order it entered on September 30, 2024. (Doc. 10). Since then, Plaintiff has continued to fail to achieve proper service on Defendants Duggins and Smith and file the appropriate affidavits of service, despite subsequent warnings from the Court that Plaintiff needed to perfect service. (see, e.g., Docs. 10, 13, and 16).

Without proper service, there is no Rule 12(b)(2) personal jurisdiction over a defendant. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). This Court lacks personal

**4**

jurisdiction over Defendants because Plaintiff has failed to properly serve Defendants. Accordingly, it would be improper for this Court to enter default against Defendants.

**B.** **Defendants Filed their Motion to Dismiss Plaintiff's Amended Complaint before Plaintiff Moved for Entry of Default, and that Motion to Dismiss is Still Pending**

Even if Plaintiff properly served Defendants, which he did not, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) before Plaintiff filed his Motion for Entry of Default (Doc. 32). Accordingly, Defendants have not failed to plead or defend in response to Plaintiff's Amended Complaint, and an entry of default would be inappropriate. Fed. R. Civ. P. 55(a); Lindemann-Moses, 644 F. Supp. 3d at 175 (M.D.N.C. 2022).

## V.     Conclusion

It would be improper for this Court to enter default against Defendants because Plaintiff never properly served Defendants, this Court lacks personal jurisdiction over Defendants, and Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) before Plaintiff filed his Motion for Entry of Default (Doc. 32). Accordingly, this Court should deny Plaintiff's Motion for Entry of Default.

Respectfully submitted this 24th day of February, 2026.

_s/ Isaac Sturgill_
Isaac Sturgill (N.C. Bar. No. 44837)
Isaac.Sturgill@charlottenc.gov
600 East 4th St.
Charlotte, North Carolina 28202
Telephone: (980) 417-3057

_Counsel for Defendants Duggins and Smith_

**5**

## WORD COUNT CERTIFICATION

The undersigned hereby certifies in accordance with Section 3(b)(iv) of the Honorable Judge Witney's Initial Scheduling Order (3:07-mc-47 (Doc. 2)) this Memorandum does not exceed 4,500 words.

## CERTIFICATION OF COMPLIANCE WITH STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that this Memorandum is in compliance with the requirements set forth in this Court's Standing Order In Re: Use of Artificial Intelligence (3:24-mc-104).

No artificial intelligence was employed in doing the research for the preparation of said Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been verified by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 24th day of February, 2026.

OFFICE OF THE CITY ATTORNEY

*/s/ Isaac Sturgill*
Isaac Sturgill (NC Bar No. 44837)

**6**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this day I served a copy of the foregoing document on Plaintiff this day by

U.S. First Class mail to the following address:

Cordaryl Robinson
12203 Wickson Ct.
Huntersville, NC 28078

Respectfully submitted this 24th day of February, 2026.

**OFFICE OF THE CITY ATTORNEY**

s/ Isaac Sturgill
Isaac Sturgill (N.C. Bar. No. 44837)
Isaac.Sturgill@charlottenc.gov
600 East 4th St.
Charlotte, North Carolina 28202
Telephone: (980) 417-3057

*Counsel for Defendants Duggins and Smith*